# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO <br><br> COURT ADDRESS: 1437 Bannock St. <br><br> Denver, CO 80202 | DATE FILED: August 14, 2023 6:43 PM <br> FILING ID: D0A1B46E75BFB <br> CASE NUMBER: 2023CV32342 |
| **Plaintiff:** Transport Workers Union of America, AFL-CIO, Local 556 <br><br>      v. <br><br> **Defendants:**  Jared Polis, in his official capacity as Governor of the State of Colorado; Colorado Department of Labor and Employment; Division of Labor Standards and Statistics, Colorado Department of Labor and Employment; Southwest Airlines Co. | |
| | **▲COURT USE ONLY ▲** |
| **Attorneys for Plaintiff** <br><br> Valerie Collins (Bar No. 57193) <br> David Seligman (Bar No. 49394) <br> Towards Justice <br> P.O. Box 371680 <br> PMB 44465 <br> Denver, CO 80237-5680 <br> Telephone: (720) 441-2236 <br> Email: david@towardsjustice.org <br> Email: valerie@towardsjustice.org <br><br> Andrew H. Turner (Bar No. 43869) <br> Milstein Turner, PLLC <br> 1490 Lafayette St. #304 <br> Denver, CO 80218 <br> Telephone: (303) 305-8230 <br> Email:  andrew@milsteinturner.com | Case Number: <br><br><br> Division:     Courtroom: |
| **COMPLAINT** | |

1

Plaintiff Transport Workers Union of America, AFL-CIO, Local 556 ("TWU Local 556") respectfully submits this complaint for, among other things, judicial review of final agency action against Defendants Governor Jared Polis and the Colorado Department of Labor and Employment (CDLE). Plaintiff also seeks declaratory relief against Defendant Southwest Airlines Co., (Southwest). Plaintiff states as follows:

## INTRODUCTION

1. Colorado's hard-fought legislative protections for workers, consumers, tenants, the environment, and the general public are worthless if powerful corporations can extract from the executive branch sweeping backroom settlements that exempt those corporations from Colorado law. That is what is at issue here.

2. This case is about Southwest Airlines, Co.'s ("Southwest") persistent violations of Colorado's sick leave requirements and the Polis Administration's determination—made through a settlement agreement negotiated behind closed doors without any Southwest employees present—that most Colorado-based Southwest Airlines employees, including flight attendant members of TWU Local 556, are not protected by Colorado's sick leave protections.

3. In 2020, the General Assembly of the State of Colorado enacted the Colorado Healthy Families and Workplaces Act ("HFWA"), which provides basic minimum sick leave protections for workers in Colorado. Those protections include up to six days per year of paid leave for workers who need to take off work because they are injured or sick or to take care of a family member who is injured or sick.

4. In the lead up to the passage of HFWA, airlines lobbied for an exemption from Colorado's sick leave laws, arguing among other things, that they could not comply with different sick leave requirements in different states, even though Colorado's sick leave law applies to thousands of other Colorado employers who also employ people in different states.

5. The General Assembly declined to carve Southwest and other airlines out of Colorado's protections, and since the height of the COVID-19 pandemic, Southwest employees, including flight attendants, pilots, and ground crew, have been covered by HFWA.

6. Southwest did not give up so easily. Instead of providing legally-required basic sick leave for its employees, it openly defied HFWA by, among other things, threatening to fire workers who took time off to care for a sick child, imposing a retaliatory "points" system that threatens workers if they use the six days of sick leave Colorado requires them to provide, and even requiring workers to get a note from Southwest's doctor if they want to be excused for sick leave.

7. At first, the State of Colorado did not let Southwest get away with it. In March 2022, CDLE cited Southwest and fined it more than a million dollars for, among other things, not

complying with HFWA. The 70-page citation provided detailed reasons for its conclusion that paid sick leave applied to Southwest's employees, including its flight attendants.

8.  Southwest appealed, and in December 2022, a CDLE hearing officer upheld the citation in a 24-page opinion, once again rejecting Southwest's arguments that the law does not apply to it.

9. Southwest filed an appeal in District Court and filed a separate lawsuit against the State in federal court, continuing to press the argument that the law does not apply to it. But because of the well-reasoned, public determinations by the CDLE, Southwest's employees and their representatives were now confident that the State would continue to enforce HFWA and Southwest would come into compliance.

10. In 2023, all that came crashing down. The State and Southwest suggested through court filings that they were engaged in closed-door settlement negotiations. TWU Local 556 sought to be included in this discussion to protect its member flight attendants' rights, but it was denied a seat at the table. In July 2023, State officials and Southwest announced that they had reached a settlement agreement and Southwest dropped its litigation.

11. The terms of the settlement were not made public until after the State had signed away the flight attendants' rights in secret. TWU Local 556 later obtained the settlement through a public records request.

12. In direct contrast to the State's prior determinations, in the settlement agreement (attached here as Exhibit A), the State announced that it "recognizes" that Southwest "meets" an exemption from the HFWA and is not covered by the law's requirements with respect to employees in Colorado who are covered by collective bargaining agreements, including flight attendants. The settlement purports to provide a license to Southwest to continue violating the law, stating that Southwest is "allowed" to maintain its current employment policies. Finally, the settlement also says the State will not investigate Southwest for violating the HFWA rights of workers covered by the settlement and that if any such worker asserts their statutory right to complain of HFWA violations, the State will dismiss their complaint without investigation.

13. After years of fighting to carve itself out of Colorado's sick leave protections, Southwest was finally able to obtain the exemption it always sought through a secret settlement with the Polis Administration, negotiated behind closed doors without a single Southwest employee present.

14. TWU Local 556 brings this action on behalf of its Colorado-based flight attendant members seeking: (1) a determination and that the settlement between Southwest and the State is invalid because it violates the State Administrative Procedure Act, state law requiring the state to investigate complaints made by Colorado employees who say their rights were violated, and the Colorado Constitution's Due Process guarantees; (2) a declaration that the TWU Local 556's Colorado-based flight attendant members are covered by Colorado's sick leave protections.

## JURISDICTION AND VENUE

15.  Jurisdiction is proper pursuant to the judicial review provision of the Colorado Administrative Procedure Act ("APA"). C.R.S. § 24-4-106.

16. This Court has jurisdiction for declaratory relief under the Uniform Declaratory Judgments Law, C.R.S. § 13- 51-101, and C.R.C.P. 57, and C.R.C.P. 106(a)(2) and (4).

17. Venue over Plaintiff's APA claims against the state actor defendants is proper pursuant to C.R.S. § 24-4-106(4).

18. Venue over Plaintiff's request for declaratory relief is proper pursuant to C.R.C.P. 98(c) because Defendant Southwest Airlines is a nonresident of this state and may be found in Denver County, conducting business at Denver International Airport.

## PARTIES

19. Plaintiff TWU Local 556 is the recognized bargaining agent of flight attendants employed by Southwest in Colorado. Its membership includes thousands of flight attendants Southwest employs in Colorado. Its mission is to provide, through collective bargaining, adequate wages, retirement, and safe working conditions for its members. It also promotes legislation, engages in other activities to safeguard the economic security and social welfare of working people, protects its members from unjust discipline, and promotes the well-being and continued employment of all members.

20. Defendant Jared Polis is the Governor of the State of Colorado and is required by the Colorado Constitution to ensure that all laws of the state are faithfully executed. Colo. Const. Art. IV § 2.

21. Defendant CDLE is a state agency responsible for the execution of C.R.S. § 8-1-101, et seq.

22. Defendant Division of Labor Standards and Statistics is the department of CDLE that administers laws and regulations governing payment of wages and working conditions in Colorado including the HFWA, and promulgates the Wage Order.

23. Defendant Southwest is a Texas corporation that operates domestic and international flights daily out of airports in Colorado. Southwest's principal place of business is in Texas.

## FACTS

### HFWA

24. In 2020, the Colorado General Assembly passed HFWA to ensure "[a]ll employees working in Colorado have the right to paid sick leave," as specified in HFWA. C.R.S. 8-13.3-403(1)(a).

4

25. HFWA requires employers to allow employees to earn up to 48 hours of paid sick leave per year, for use for a variety of health- and safety-related purposes. In addition to other protections, the law enables employees to use accrued leave for any injury or health condition that prevents work; diagnosis or treatment of such health conditions; preventive care (including vaccination); needs resulting from domestic abuse, sexual assault, or criminal harassment; and certain categories of care for a family member, including but not limited to a child. C.R.S. § 8-13.3-404.

26. An employer may only require reasonable documentation that the paid sick leave is for an authorized purpose if an employee uses paid sick leave for four or more consecutive work days. Employers may provide a written policy with reasonable procedures for the employee to provide notice of foreseeable paid sick leave uses, but HFWA prohibits employers from "deny[ing] paid sick leave to the employee based on noncompliance with such a policy." C.R.S. § 8-13.3-404(2).

27. HFWA prohibits employers from "count[ing] paid sick leave taken by an employee pursuant to [the HFWA] as an absence that may lead to or result in discipline, discharge, demotion, suspension, or any other retaliatory personnel action against the employee." C.R.S. § 8-13.3-407(2)(b). HFWA also prohibits employers from taking retaliatory personnel action against an employee for exercising or attempting to exercise paid sick leave pursuant to the guidelines provided by HFWA. C.R.S. § 8-13.3-407(2)(a).

28. HFWA's protections do not apply to employees covered by a Collective Bargaining Agreement ("CBA") in effect on HFWA's effective date, *so long as* the CBA "provides for equivalent or more generous paid sick leave" for those employees. C.R.S. § 8-13.3-415(2).

29. As required by HFWA, the Division has promulgated Rules implementing that law. ("Division Rules"). Those rules provide that a general paid time off policy satisfies HFWA only if the policy provides leave: "at least: (1) in at least an amount of hours and with pay sufficient to satisfy HFWA and applicable rules . . . (2) for all the same purposes covered by HFWA and applicable rules, not a narrower set of purposes, and (3) under all the same conditions as under HFWA and applicable rules, not stricter or more onerous conditions (including but not limited to matters such as accrual, use, payment, annual carryover of unused accrued leave, notice and documentation requirements, and anti-retaliation and anti-interference rights);". 7 Colo. Code Regs. § 1103-7:3(3.5.4(A)).

30. Division Rules implementing HFWA specify that a CBA "provides for equivalent or more generous paid sick leave" *only if*:

the CBA does not diminish any employee protections under HFWA… including but not limited to the requirements in Rule 3.5.4(A) and:

(1) accrual and carryover;
(2) use and its conditions (*e.g.*, documentation and notice to employers); and

(3) protection and effectuation of paid sick leave rights through notice to
employees and prohibitions against retaliation based on, or interference with,
protected activity.

7 Colo. Code Regs. § 1103-7:3(3.5.8(B)).

31. Any other agreement to "waive" an employee's rights under HFWA is "void" and not
enforceable.  C.R.S. § 8-13.3-416.

32. HFWA requires the Division to investigate "each claim of denial of paid sick leave"
and allows the Division to investigate "claims of retaliation." C.R.S.  § 8-13.3-407.

**CDLE Investigation, Citation, and Resulting Appeal**

33. Southwest, an air carrier that operates domestic and international flights daily out of
airports in Colorado, including Denver International Airport, where it has a flight crew and
maintenance base,[1] has been subject to HFWA requirements since the Act's July 14, 2020 effective
date.

34. Southwest regularly imposes and threatens to impose discipline on TWU Local 556
members who utilize paid sick leave protected under HFWA, in violation of HFWA.

35. Specifically, pursuant to its written employment policies and its actual practices,
Southwest assigns or threatens to assign punitive attendance "points" to TWU Local 556
members who utilize HFWA-authorized leave for a period of less than four consecutive days and
fail to provide documentation that the paid sick leave was for a purpose authorized by the
HFWA. C.R.S. § 8-13.3-404(6).

36. Accumulation of these "points" can, and does, lead to discipline, discharge, demotion
and suspension by Southwest.  Southwest's actions thereby deter TWU Local 556 members from
exercising HFWA rights.

37. Additionally, pursuant to its written employment policies, Southwest prohibits TWU
Local 556 members from utilizing sick leave to care for an ill or injured family member, in direct
conflict with Colorado law. C.R.S. § 8-13.3-404(1)(b).

38. Southwest also imposes disciplinary occurrences upon probationary flight attendants
for all utilization of HFWA protected leave.

---

[1] Flight crew refers to pilots and flight attendants. Ground crew includes, but is not limited to,
mechanics, fleet service workers, customer service agents, flight dispatchers, baggage handlers,
and catering employees.

39. Despite numerous opportunities to do so, Southwest has never negotiated paid family leave protections with TWU Local 556.

40. Southwest refuses to honor the HFWA leave the General Assembly provided its flight attendants to harass TWU Local 556 in its collective bargaining process. Southwest's baseless refusal to honor minimum statutory rights forces its flight attendants to negotiate to obtain rights they already have as a matter of law.

41. In 2021 and 2022, various Southwest employees, including members of TWU Local 556, filed complaints with the State alleging that Southwest had violated their rights under Colorado law including by denying them the protections of HFWA and not paying them earned vacation as required by Colorado wage law.

42. CDLE initiated an investigation and in March 2022, issued a 70-page citation.

43. The CDLE citation found that Southwest had violated "dozens of Colorado labor laws," including "nearly every HFWA requirement."[2] Specifically, the CDLE found that Southwest (1) refused to provide COVID-related leave pursuant to the law's Public Health Emergency leave provisions; (2) refused to provide the sick leave requirement by law for preventative medical care, or for the care of a sick child, and did not even let employees use what sick leave they did have for care of a sick child; and (3) failed to provide employees with notice of their right to take, and Southwest's responsibility to provide, paid sick leave, which left thousands of employees unaware that they could stay home with pay for covered sick leave purposes.

44. Significantly, the March 18, 2022 citation found that "the relevant CBAs did not meet the statutory exemption contained in HFWA."[3]

45. Before the CDLE, Southwest argued that HFWA "does not require that time off from work be allowed for all of the reasons listed"[4] in HFWA, but the CDLE determined the law did just that; therefore, Southwest's refusal to comply with all the required categories of leave under HFWA was illegal.

46. The CDLE also found Southwest violated Colorado wage and hour law by requiring employees to forfeit already-earned vacation pay and by failing to provide employees with legally required notice of their wage rights. There is no exemption in Colorado law from wage and hour law for CBA-covered employees.

---

[2] *See* CDLE Direct Investigation Citation, March 18, 2022, available at https://drive.google.com/file/d/1OsJ-yJeQX52TZar1iLVWac9IE53SBa6E/view.
[3] Hearing Officer Decision and Order, December 23, 2022, available at https://drive.google.com/file/d/121qyDCZcRaGVYyL9v_xWnGHz-yBO7-pV/view.
[4] *See* CDLE Direct Investigation Citation, March 18, 2022, available at https://drive.google.com/file/d/1OsJ-yJeQX52TZar1iLVWac9IE53SBa6E/view.

47. The CDLE required Southwest to change its leave policies to adhere to HFWA and fined the airline one million three hundred and thirty-one thousand and four hundred U.S. dollars ($1,331,400.00) for its failure to comply with several laws.

48. Southwest appealed the CDLE's March 18, 2022 citation. CDLE held hearings in September and October 2022.

49. On December 23, 2022, a CDLE Hearing Officer affirmed the agency's citation in a 24-page opinion.[5] Again, the CDLE concluded that the CBA governing TWU Local 556 flight attendants did not exempt them from the protections of HFWA. Following exhaustive examination, the CDLE Hearings Officer found as follows:

> I reject the employer's argument, in the alternative, that the CBAs in question all qualify for exemption from HFWA. This argument ignores the plain language of the statute, which only provides an exemption where "the collective bargaining agreement provides for equivalent *or more generous paid sick leave* for the employees covered by the collective bargaining agreement," than what is mandated by HFWA. Colo. Rev. Stat. § 8-13.3-415(2) (emphasis added). The employer failed to prove that the CBAs were more generous regarding paid sick leave than HFWA.

> CASE NUMBER: 21-0013 DECISION NUMBER: 22-063 pg. 19.

50. Southwest appealed this determination in January 2023 pursuant to the standard procedure for challenging a determination of the CDLE. *Southwest Airlines v. Dep't of Labor and Emp't*, No. 2023-cv-30301 (Dist. Ct., City and County of Denver, Co. Mar. 22, 2023).

**<u>Southwest's Federal Court Litigation</u>**

51. In May 2022, while the citation appeal was pending, Southwest brought a declaratory judgment action against the Division pursuant to 42 U.S.C § 1983 and 28 U.S.C. §§ 2201 and 2202, arguing that (1) the Airline Deregulation Act preempts the HFWA as applied to Southwest because it relates to Southwest's prices, routes, and services; (2) the HFWA violates the Dormant Commerce Clause of the United States Constitution because it substantially impairs interstate commerce when a national, uniform system of regulation is required; and (3) the Railway Labor Act preempts the HFWA as applied to Southwest because it creates an obstacle to the collective bargaining process and thwarts the purposes of the RLA. *See Southwest Airlines v. Moss*, No. 22-cv-01342 (D. Colo.).

52. In March 2023, after Southwest sought an appeal in state court to challenge the citation, the State sought an extension of time to respond to Southwest's complaint in the federal

---

[5] Hearing Officer Decision and Order, December 23, 2022, available at
https://drive.google.com/file/d/121qyDCZcRaGVYyL9v_xWnGHz-yBO7-pV/view.

court litigation "based on the parties' recent engagement in and ongoing discussions and negotiations exploring the possibility of settlement."

53. Neither CDLE nor Southwest consulted with TWU Local 556 about a possible settlement between the State and Southwest and how any settlement may affect the rights of TWU Local 556 members.

54. To protect its rights, TWU Local 556 sought intervention in the federal declaratory action case arguing, among other things, that intervention was appropriate because the State did not adequately represent the interests of TWU Local 556, and in particular because of the possibility that a settlement could be reached based on political considerations that did not adequately and lawfully protect the rights of Local 556 members.

55. Prior to the court's ruling on TWU Local 556's motion to intervene, CDLE and Southwest filed a joint motion to dismiss because the parties had reached a settlement agreement, which the court granted the same day.

**The Settlement Agreement**

56. On July 10, 2023, CDLE and Southwest entered into a settlement agreement.

57. By the terms of the settlement agreement, Southwest agreed to pay $133,140, or ten percent of its original $1,331,400 fine assessed by CDLE and agreed to dismiss both the federal court action and the state court action in which it was seeking judicial review of the CDLE citation through the normal procedures for challenging the agency's determination.

58. The settlement also announced a stark reversal of the State's position on the applicability of HFWA to Southwest employees and members of TWU Local 556. As part of the settlement, CDLE stipulated that the HFWA does not apply to Southwest's flight attendants represented by TWU Local 556 because their CBA satisfies the HFWA and exempts them from the HFWA's protections. *See* Ex. A, Settlement Agreement pg. 3-6.

59. The settlement also includes broad language purporting to authorize Southwest's HFWA violations. Specifically, it specifies that after the effective date of the settlement Southwest "will be allowed to continue enforcing sick leave and attendance policies" set forth in its various CBAs with Colorado-based employees, including its CBA with TWU Local 556. *Id.* at pg. 4. The settlement also provides that Southwest is allowed to enforce its sick leave and attendant policies contained in "all related agreements, letters, memoranda, policies, manuals, and handbooks," including its Operations Handbook. *Id.* at pg. 4.

60. The settlement does not explain why the State reversed its position on the applicability of HFWA to TWU Local 556 members.

61. In addition to carving Southwest employees out of the HFWA, the settlement agreement also provides that Southwest's "sick leave and attendance policies will not provide

any basis whatsoever for any [Division] direct investigation of alleged violations of . . . the PHEW, Wage Protection Rules, and/or WARNING Rules, as may be amended and/or replaced by similar laws and regulations from time to time." *Id.* at  pg. 4.

62. The settlement also declares the State's commitment not to enforce state labor standards laws, including but not limited to HFWA, against Southwest based on any apparent inconsistency between Southwest's policies and CBAs covered by the settlement and state worker protection laws. *Id. at* pgs. 5-6.

63. This commitment includes not just the State's agreement not to bring enforcement actions against Southwest but also its commitment not to investigate complaints brought by Southwest employees, including TWU Local 556 members, alleging that their rights have been violated. *Id.*at pgs. 5-6.

64. Specifically, pursuant to the settlement, the State agreed:

a) Not to initiate or pursue any future direct investigations against Southwest related to Southwest policies covered by the agreement;

b) Not to engage in any further investigation of any already-filed complaints "based on Southwest policy or collective bargaining agreements covered by" the settlement, including presumably complaints that have to do with violations of state law besides the HFWA. With respect to such complaints, the settlement states that the State "will determine any such claims by determining that Southwest meets the CBA exemption."

c) To dismiss "with prejudice" within twenty days of the effective date of the agreement all pending individual claims filed with the State based on the interpretation of Southwest's CBAs, including its CBA with TWU Local 556, where such claims are based on HFWA, the PHEW Act, or denial of earned vacation pay; and

d) Not to investigate any claim brought to the State by a Southwest employee, including TWU Local 556 members alleging violations of, among other things, HFWA, the PHEW Act, and state wage laws, including future versions of those laws, based on any Southwest policy or CBA covered by the Settlement, and with respect to such claims, to determine that Southwest meets the CBA exemption of the HFWA.

**The Dismissal of Pending Cases without Investigations**

65. In July 2023, pursuant to the settlement agreement with Southwest, the State dismissed pending complaints brought by TWU Local 556 members alleging violations of state law by Southwest.

66. The State's notices of dismissal explain that the State's settlement with Southwest "requires that the State shall not investigate, and shall dismiss, all claims to paid sick leave under the Healthy Families and Workplaces Act, or to vacation pay under Colorado wage law, filed by

any Southwest employee under a collective bargaining agreement with Southwest." A redacted notice of dismissal submitted to a TWU Local 556 member is attached here as Exhibit B.

67. The notices explain that if the complaining party believes they are not covered by a collective bargaining agreement with Southwest, then they must explain that to the State within fourteen days. If the complaining party fails to take action within fourteen days, then their complaint will be dismissed with prejudice.

68. Consistent with the terms of the settlement agreement, which purports to be binding on the State, the notices of dismissal do not explain the State's change of position regarding the applicability of HFWA to TWU Local 556 members; nor do they explain whether the State has reviewed the applicable CBAs to determine that they qualify for the CBA exemption; nor do they suggest any basis for dismissing claims based on unpaid wages, including unpaid vacation, as to which there is no CBA exemption from Colorado's wage and hour protections.

69. Instead of explaining how the State has complied with its mandate to investigate complaints pursuant to HFWA and Colorado wage law, consistent with the terms of the settlement agreement, the notices of dismissal shift the burden onto Southwest employees to explain why they are not covered by a CBA with Southwest. There is no opportunity for employees to explain why any applicable CBA does not comply with state law or how their rights were violated.

## CLAIMS FOR RELIEF

### COUNT ONE: Violation of the Colorado Administrative Procedure Act, 24-4-106(7)(b)(IV) - Agency Action Denying Statutory Rights and in Excess of Statutory Authority

*(TWU Local 556 Against Jared Polis, in his official capacity as Governor of the State of Colorado, Colorado Department of Labor and Employment, and Division of Labor Standards and Statistics)*

70. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as if set forth fully herein.

71. The settlement agreement between Southwest and the State is final agency action.

72. Because the settlement agreement between the State and Southwest denies TWU Local 556 members the statutory right to file complaints and receive an investigation from the State into such complaints, TWU Local 556 is adversely affected and aggrieved by the settlement agreement.

73. Defendants are agencies, individuals who comprise the agency, and individuals representing the agency or acting on its behalf in regard to the settlement agreement.

11

74. The settlement agreement amounts to a denial of statutory right and is in excess of statutory jurisdiction, authority, purposes, or limitations because, among other reasons, it contravenes the statutory mandate in Colorado law providing that when an employee files a wage complaint with DLSS, the State "shall investigate" such complaint. C.R.S. § 8-4-111(2)(a)(1).

75. The settlement agreement amounts to a denial of statutory right and is in excess of statutory jurisdiction, authority, purposes, or limitations because, among other reasons, it contravenes the statutory mandate in Colorado law providing that "[t]he division shall investigate each claim of denial of paid sick leave in violation of [the HFWA]." C.R.S. § 8-13.3-407(4).

### COUNT TWO: Violation of the Colorado Administrative Procedure Act, 24-4-106(7)(b)(I) - Arbitrary and Capricious Agency Action

*(TWU Local 556 Against Jared Polis, in his official capacity as Governor of the State of Colorado, Colorado Department of Labor and Employment, and Division of Labor Standards and Statistics)*

76. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as if set forth fully herein.

77. The settlement agreement between Southwest and the State is final agency action.

78. The settlement agreement between the State and Southwest announces the State's position that Southwest complies with HFWA and other protections and announces that Southwest "will be allowed" to continue implementing policies affecting TWU Local 556 members.

79. The State had twice before determined that the same Southwest policies were in violation of Colorado law.

80. TWU Local 556 is adversely affected and aggrieved by the settlement agreement.

81. Defendants are agencies, individuals who comprise the agency, and individuals representing the agency or acting on its behalf in regard to the settlement agreement.

82. The settlement agreement is arbitrary and capricious because, among other reasons: it embodies an unsupported departure from the State's prior reasoned determinations regarding the rights of TWU Local 556 members; it is inconsistent with the HFWA's statutory CBA exemption for the reasons stated in the State's prior determinations regarding that exemption.

83. In addition, the settlement agreement is arbitrary and capricious because it extends that exemption outside the HFWA context. There is no exemption in Colorado law from wage

and hour law for CBA-covered employees. Nor does the PHEW Act contain an exemption for CBA-covered employees.

### COUNT THREE: Violation of Colo. Const. Art. II, Section 25 – Due Process

*(TWU Local 556 Against Jared Polis, in his official capacity as Governor of the State of Colorado, Colorado Department of Labor and Employment, and Division of Labor Standards and Statistics)*

84. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as if set forth fully herein.

85. Section 25 of Article II of the Colorado Constitution provides that no person may be denied "life, liberty or property without due process of law."

86. The right to paid sick leave and earned vacation pay is a property interest under state law.

87. Members of TWU Local 556 were denied their statutory right to paid sick leave and earned vacation pay without due process of law when the State agreed that Southwest is "allowed" to deny rights to paid sick leave and earned vacation pay under state law without giving members of TWU Local 556 notice and an opportunity to be heard.

88. The State's stipulation that HFWA does not apply to Southwest's flight attendants represented by TWU Local 556 likewise denies members of TWU Local 556 their statutory right to paid sick leave and earned vacation pay without due process of law without giving those members notice and an opportunity to be heard.

89. The right to the State's administrative process to adjudicate wage complaints against an employer is a property interest under state law.

90. The administrative process provides an accessible forum for employees, including unrepresented employees, to raise disputes regarding their employer's compliance with state labor standards laws and to recover lost wages, damages, and penalties regarding their employer's violations.

91. Members of TWU Local 556 were denied their statutory right to administrative adjudications without due process of law when their complaints were dismissed without investigation and when the State agreed not to investigate similar future complaints without giving members of TWU Local 556 notice or an opportunity to be heard.

### COUNT FOUR: Declaratory Judgment as to the Enforceability of the Settlement Agreement

*(TWU Local 556 Against All Defendants)*

92. Plaintiff incorporates all other paragraphs as if fully detailed herein.

93. The settlement agreement is invalid and unenforceable under state law because it mandates the dismissal of pending complaints without investigation and because the State agrees not to investigate future complaints against Southwest in contravention of state laws, including C.R.S. § § 8-4-111(2)(a)(1) and 8-13.3-407(4).

94. "[A] judgment or decree will terminate the controversy or remove an uncertainty" regarding the rights of TWU Local 556's members. C.R.S. § 13-51-109.

### COUNT FIVE: Declaratory Judgment as to Rights and Responsibilities under HFWA

*(TWU Local 556 Against Southwest Airlines Co.)*

95. Plaintiff incorporates all other paragraphs as if fully detailed herein.

96. Both Plaintiff TWU Local 556 and Defendant Southwest are "persons" as that term is defined in the Uniform Declaratory Judgments Law.  C.R.S. § 13-51-101.

97. This Court has the "power to declare rights, status and other legal relations whether or not further relief is or could be claimed."  C.R.S. § 13-51-105.

98. This matter is ready and appropriate for a declaratory judgment because Southwest has made its position clear, repeatedly and through both its words and its actions, that it has been, and continues to be: (A) refusing to provide TWU Local 556 members the rights and benefits guaranteed by HFWA; (B) refusing to rescind or remedy its policies and practices denying TWU Local 556 members the rights and benefits guaranteed by HFWA; (C) refusing both requests by TWU Local 556 members, and an order of the State of Colorado, to effectuate the points in (A) and (B).

99. This matter is ready and appropriate for a declaratory judgment because TWU Local 556 members currently do not know whether they can take paid sick leave to care for themselves and their families without losing pay or putting their careers in jeopardy—making a judgment declaring all parties' rights and responsibilities necessary for TWU Local 556 members to be able to conduct their personal and work lives with clarity as to their rights, and as to whether Southwest will respect those rights or continue to violate them.

100. "[A] judgment or decree will terminate the controversy or remove an uncertainty" over the TWU Local 556 flight attendants' entitlement to HFWA rights. C.R.S. § 13-51-109.

101. The Court should declare that the members of TWU Local 556 employed by Southwest in Colorado are covered by and entitled to the protections of the HFWA.

102. The Court should make such award of costs as may seem equitable and just. C.R.S. § 13-51-114.

**PRAYER FOR RELIEF**

TWU Local 556 respectfully requests the following relief:

(a) Declaratory relief, in the form of a declaration that the members of TWU Local 556 whom Southwest employs in Colorado are covered by and entitled to the protections of the HFWA.

(b) Declaratory relief in the form of a declaration that the settlement agreement is invalid and unenforceable;

(c) An order compelling the State and its agencies to reinstate wage complaints by members of TWU Local 556 and to investigate such complaints and other relief as may be appropriate;

(d) An award of attorney's fees and costs; and

(e) Such other and further relief as this Court deems just and proper.

Dated this 14th day of August, 2023.

Respectfully submitted,

/s/ Andrew H. Turner
Andrew H. Turner (Bar No. 43869)
Milstein Turner, PLLC
1490 Lafayette St. #304
Denver, CO 80218
Telephone: (303) 305-8230
Email: andrew@milsteinturner.com

Valerie Collins (Bar No. 57193)
David Seligman (Bar No. 49394)
Towards Justice
P.O. Box 371680
PMB 44465
Denver, CO 80237-5680
Telephone: (720) 441-2236
Email: david@towardsjustice.org
Email: valerie@towardsjustice.org

***Attorneys for TWU Local 556***

15

☒**FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL
PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY
COMPLAINT AND JURY DEMAND**

DATE FILED: August 14, 2023 6:43 PM
FILING ID: D0A1B46E75BFB
CASE NUMBER: 2023CV32342

| | |
|---|---|
| District Court __Denver_____ County, Colorado<br>Court Address: 1437 Bannock St., Denver , CO. 80202<br>_____<br><br>Plaintiff: Transport Workers Union of America, AFL-CIO, Local 556<br>v.<br>Defendant(s): Jared Polis, in his official capacity as Governor of the State of Colorado; Colorado Department of Labor and Employment; Division of Labor Standards and Statistics, Colorado Department of Labor and Employment; and Southwest Airlines Co. | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Andrew H. Turner, Milstein Turner, PLLC<br>Phone Number: (303) 305-8230<br>Email: andrew@milsteinturner.com<br>FAX Number:  N/A                  Atty. Reg. #: 43869 | Case Number: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT,<br>COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT<br>AND JURY DEMAND** | |

1.  This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR),, Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.  Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

    This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

    This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

**Or**

Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.    This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

**Date:** _____      _____
                                                        **Signature of Party**


**Date:**  __August 14, 2023__      ___*/s/ Andrew H. Turner*_____
                                                        **Signature of Attorney for Party (if any)**

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

| District Court <u>Denver</u> County, Colorado<br>Court Address: <u>1437 Bannock St., Denver , CO. 80202</u><br><br>Plaintiff: Transport Workers Union of America, AFL-CIO, Local 556<br>v.<br>Defendant(s): Jared Polis, in his official capacity as Governor of the State of Colorado; Colorado Department of Labor and Employment; Division of Labor Standards and Statistics, Colorado Department of Labor and Employment; and Southwest Airlines Co. | DATE FILED: August 14, 2023 6:43 PM<br>FILING ID: D0A1B46E75BFB<br>CASE NUMBER: 2023CV32342<br><br><br><br><br>▲ COURT USE ONLY ▲ |
|---|---|
| Attorney or Party Without Attorney (Name and Address):<br>Andrew H. Turner, Milstein Turner, PLLC<br>Phone Number: (303) 305-8230<br>Email: andrew@milsteinturner.com<br>FAX Number:  N/A                    Atty. Reg. #: 43869 | Case Number: |

### DISTRICT COURT CIVIL SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

> Jared Polis
> Governor
> Ralph L. Carr Judicial Building
> 1300 Broadway, 10th Floor
> Denver, CO 80203

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: <u>August 14, 2023</u>         _____
                                                        Clerk of Court/Clerk

                                                        <u>/s/ Andrew H. Turner</u>_____
                                                        Signature of Plaintiff

                                                        <u>c/o Milstein Turner, PLLC</u>
                                                        <u>1490 Lafayette St. #304</u>
                                                        <u>Denver, CO 80218</u>
                                                        Address of Plaintiff
                                                        <u>(303) 305-8230</u>_____
                                                        Plaintiff's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:**  A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal.  The plaintiff has 14 days from the date this summons was served on you to file the case with the court.  You are responsible for contacting the court to find out whether the case has been filed and obtain the case number.  If the plaintiff files the case within this time, then you must respond as explained in this summons.  If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

District Court <u>Denver</u>                    County, Colorado
Court Address: <u>1437 Bannock St., Denver , CO. 80202</u>

Plaintiff: Transport Workers Union of America, AFL-CIO, Local
556
v.
Defendant(s): Jared Polis, in his official capacity as Governor
of the State of Colorado; Colorado Department of Labor and
Employment; Division of Labor Standards and Statistics,
Colorado Department of Labor and Employment; and
Southwest Airlines Co.

DATE FILED: August 14, 2023 6:43 PM
FILING ID: D0A1B46E75BFB
CASE NUMBER: 2023CV32342

▲ COURT USE ONLY ▲

| Attorney or Party Without Attorney (Name and Address): | Case Number: |
|---|---|
| Andrew H. Turner, Milstein Turner, PLLC<br>Phone Number: (303) 305-8230<br>Email: andrew@milsteinturner.com<br>FAX Number:  N/A                    Atty. Reg. #: 43869 | |

## DISTRICT COURT CIVIL SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

Colorado Department of Labor and Employment
633 17th Street, 2nd Floor
Denver, CO 80202

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: <u>August 14, 2023</u>

_____
 Clerk of Court/Clerk

<u>/s/ Andrew H. Turner</u>
Signature of Plaintiff

<u>c/o Milstein Turner, PLLC</u>
<u>1490 Lafayette St. #304</u>
<u>Denver, CO 80218</u>
Address of Plaintiff
<u>(303) 305-8230</u>
Plaintiff's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**
JDF 600   R10-13   DISTRICT COURT CIVIL SUMMONS

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

| District Court <u>Denver</u>             County, Colorado<br>Court Address: <u>1437 Bannock St., Denver , CO. 80202</u><br><br>Plaintiff: Transport Workers Union of America, AFL-CIO, Local 556<br>v.<br>Defendant(s): Jared Polis, in his official capacity as Governor of the State of Colorado; Colorado Department of Labor and Employment; Division of Labor Standards and Statistics, Colorado Department of Labor and Employment; and Southwest Airlines Co. | <span style="color:blue">DATE FILED: August 14, 2023 6:43 PM<br>FILING ID: D0A1B46E75BFB<br>CASE NUMBER: 2023CV32342</span><br><br><br><br><br>▲ COURT USE ONLY ▲ |
|---|---|
| Attorney or Party Without Attorney (Name and Address):<br>Andrew H. Turner, Milstein Turner, PLLC<br>Phone Number: (303) 305-8230<br>Email: andrew@milsteinturner.com<br>FAX Number:  N/A            Atty. Reg. #: 43869 | Case Number: |

### DISTRICT COURT CIVIL SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

> Colorado Department of Labor and Employment
> Division of Labor Standards and Statistics
> 633 17th Street, 2nd Floor
> Denver, CO 80202

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: <u>August 14, 2023</u>                  _____
                                                  Clerk of Court/Clerk

                                         */s/ Andrew H. Turner*             
                                         Signature of Plaintiff

                                         <u>c/o Milstein Turner, PLLC</u>
                                         <u>1490 Lafayette St. #304</u>
                                         <u>Denver, CO 80218</u>
                                         Address of Plaintiff
                                         <u>(303) 305-8230</u>
                                         Plaintiff's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:**  A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal.  The plaintiff has 14 days from the date this summons was served on you to file the case with the court.  You are responsible for contacting the court to find out whether the case has been filed and obtain the case number.  If the plaintiff files the case within this time, then you must respond as explained in this summons.  If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

JDF 600   R10-13     DISTRICT COURT CIVIL SUMMONS

| | |
|---|---|
| District Court __Denver_____ County, Colorado<br>Court Address: 1437 Bannock St., Denver , CO. 80202<br>_____<br><br>Plaintiff: Transport Workers Union of America, AFL-CIO, Local 556<br>v.<br>Defendant(s): Jared Polis, in his official capacity as Governor of the State of Colorado; Colorado Department of Labor and Employment; Division of Labor Standards and Statistics, Colorado Department of Labor and Employment; and Southwest Airlines Co. | DATE FILED: August 14, 2023 6:43 PM<br>FILING ID: D0A1B46E75BFB<br>CASE NUMBER: 2023CV32342<br><br><br><br>▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Andrew H. Turner, Milstein Turner, PLLC<br>Phone Number: (303) 305-8230<br>Email: andrew@milsteinturner.com<br>FAX Number:  N/A                    Atty. Reg. #: 43869 | Case Number: |

### DISTRICT COURT CIVIL SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

> Southwest Airlines Co.
> The Prentice-Hall Corporation System, Inc.
> c/o Registered Agent
> 1900 W. Littleton Boulevard
> Littleton, CO  80120

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: August 14, 2023_____            _____
                                                                 Clerk of Court/Clerk

                                                                 _/s/ Andrew H. Turner_____
                                                                 Signature of Plaintiff

                                                                 c/o Milstein Turner, PLLC
                                                                 1490 Lafayette St. #304
                                                                 Denver, CO 80218
                                                                 Address of Plaintiff
                                                                 (303) 305-8230_____
                                                                 Plaintiff's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:**  A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal.  The plaintiff has 14 days from the date this summons was served on you to file the case with the court.  You are responsible for contacting the court to find out whether the case has been filed and obtain the case number.  If the plaintiff files the case within this time, then you must respond as explained in this summons.  If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.